UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ROBERT J. PEDREIRA, SR., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>WARDEN, MAINE STATE PRISON, )<br>)<br>Defendant ) | Civil No. 04-204-B-W |

## RECOMMENDED DECISION ON 2254 PETITION

Robert Pedreira has filed a 28 U.S.C. § 2254 petition raising five grounds. Two of these grounds relate to Pedreira's 2000 conviction, one of which challenged the imposition of a restitution order. The three remaining grounds pertain to the 2004 revocation of Pedeira's probation for failure to pay restitution. I now recommend that the Court deny Pedreira 28 U.S.C. § 2254 relief for the reasons that follow.

*Discussion*

*Relevant Procedural History*

Although filed on November 24, 2004, until now this matter has been stayed per a March 9, 2005, order. In that order I noted that Pedreira had a motion pending in state court entitled, "Appeal of Sentence and Revision of Restitution Order." In my order staying this case I indicated:

> This eight-page motion pending in front of the Superior Court echoes in many respects the claims in this 28 U.S.C. § 2254 petition. It is not clear to me how the motion for revision of restitution impacts the 28 U.S.C. § 2254 exhaustion inquiry. However, because the State is pressing exhaustion/procedural default arguments and because the Superior Court

> has apparently set this motion for hearing, I believe that comity dictates that this court stay the 28 U.S.C. § 2254 proceedings for ninety days or until the State notifies the Court of the outcome of the pending proceedings (which ever is shorter).

(Mar. 9, 2005, Order at 2; Docket No. 9.)  The State has now filed a status report in which it indicates:

> The January 2004 pro se motions referred to in Magistrate Judge Kravchuk's March 9, 2005, order staying the proceedings in the above matter is now moot.  According to the Knox County Superior Court Clerk's office and the District Attorney's office, the outstanding restitution order from the earlier conviction has been folded into a new restitution order imposed in a 2006 criminal conviction.

(Aug. 22, 2006, Letter; Docket No. 14.)

It is apparent from this missive that there will be no further action taken by the state court on Pedreira's motion seeking revision of his restitution obligations.

### *Two Grounds Challenging the 2000 Conviction and Sentence*

In his first ground Pedreira argues that his attorney provided ineffective assistance of counsel when he was convicted in June of 2000 because she advised Pedreira that the law requiring the State to inquire into his ability to pay had been repealed when in fact the court should have so inquired.  In his second ground, Pedreira contends that his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure.

Pedreira's conviction was entered on the docket on July 5, 2000, and this conviction became final on July 26, 2000, when he did not file a direct appeal or an appeal of his sentence within the twenty-one days he had to do so.  His one-year opportunity for filing a timely petition for post-conviction review elapsed on July 26, 2001.  On February 9, 2004, Pedreira filed a petition for state post-conviction review

which was not docketed by the Superior Court until August 17, 2004. This petition contained variations on the two grounds set forth above: an ineffective assistance of counsel ground in failing to challenge the search warrant and the illegality of the restitution order without an ineffective assistance overlay. On September 16, 2004, the court summarily dismissed this petition as time-barred.

With respect to the timeliness of these two claims in his 28 U.S.C. § 2254, Congress has provided that a:

> 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).[1] While, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," id. § 2244(d)(2), Pedreira's § 2244(d)(1)(A) year had fully run prior to the filing of his February 9, 2004, state post-conviction petition, even if that petition could be deemed "properly filed" within the meaning of subsection (d)(2). Accordingly, these two § 2254 grounds[2] attacking his 2000 conviction and sentence are time-barred by § 2244(d)(1)(A).

---

[1] There are three exceptions to this general rule which are not applicable to Pedreira.
[2] As noted above, Pedreira's two § 2254 grounds are not mirror images of his two state post-conviction grounds in that in his § 2254 petition he claims ineffective assistance for not advising him properly on the need of the State to inquire into his ability to pay and in his state post-conviction proceeding the ineffective assistance claim related to the search and seizure. As discussed below, 28 U.S.C. § 2254(b)(1)(A) requires that the petitioner exhaust each claim by giving the State court an opportunity to address the merits of the claim presented to the federal courts. It is doubtful that even if there was some reason to conclude that this § 2254 was timely that his 2004 post-conviction pleading would be sufficient to satisfy his exhaustion responsibilities.

3

### *Three Grounds Challenging the 2003 Revocation of Probation for Failing to Pay Restitution*

With regards to Pedreira's remaining three grounds, the State concedes that his 28 U.S.C. § 2254 petition is timely as to these claims pertaining to the 2003 revocation of his probation. As it has in other cases challenging revocation determinations, the State takes the position that a discretionary appeal pursuant to 17-A M.R.S.A.§ 1207(2) is the proper way to exhaust state remedies for purposes of 28 U.S.C. § 2254(b)(1)(A) and that the final resolution of that appeal (in this case March 22, 2004) is the key date for purposes of calculating the 28 U.S.C. § 2244(d)(1)(A) limitation. Assuming, arguendo, that revocation proceedings and the discretionary review of 17-A M.R.S.A.§1207(2) fit so squarely into the parameters of § 2254 review, I see no reason to question the State's position in this case.

### *Ground Three*

In his third 28 U.S.C. § 2254 ground Pedreira contends that his sentence was illegal because, under Maine state law, the court should have inquired into his ability to pay restitution before it sentenced him to two-years imprisonment for failure to pay restitution. In its answer to Pedreira's petition the State takes the position that he had procedurally defaulted this third ground as it was not presented to the Maine Law Court in his memorandum in support of the issuance of a certificate of probable cause apropos the probation revocation. In the State's view, ground three was not exhausted as required by 28 U.S.C. § 2254(b)(1)(A). Because of the somewhat messy procedural history set forth at the beginning of the discussion section concerning Pedreira's efforts to exhaust his claims, I think the best approach to this ground is to bypass the exhaustion inquiry and deny it on its merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of

4

habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

This court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the <u>Constitution or laws or treaties of the United States</u>." 28 U.S.C. § 2254(a) (emphasis added).  Ground Three claims a violation of a Maine statutory requirement. This is simply not a cognizable 28 U.S.C. § 2254 claim.

### *The Grounds Poised for Full 28 U.S.C. § 2254(d) Review*

The remaining two grounds are postured for full 28 U.S.C. § 2254 review.

> "In reviewing a judgment on a petition for a writ of habeas corpus, this Court examines the legal conclusions of the district court, including the proper standard of review, de novo." <u>Norton v. Spencer</u>, 351 F.3d 1, 4 (1st Cir.2003). "The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') prevents a federal court from granting an application for writ of habeas corpus with respect to a claim adjudicated on the merits in state court unless that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." <u>Id.</u> The "contrary to" category "embraces cases in which a state court decision directly contravenes Supreme Court precedent." <u>Mastracchio v. Vose</u>, 274 F.3d 590, 597 (1st Cir.2001) (citation omitted). The "unreasonable application category" includes cases in which the state court's decisions, while not "contrary to" relevant Supreme Court precedent, nonetheless constitute an "unreasonable application" of that precedent. <u>Id.</u>
> The Supreme Court has said that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the [Supreme] Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially undistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). The "unreasonable application" analysis, however, affords relief only if "the state court identifies the correct governing legal principle from the [Supreme] Court's decisions but unreasonably applies that principle to the facts of the petitioner's case." <u>Id.</u> at 413.
> A state court need not cite or be aware of Supreme Court precedents so long as "neither the reasoning nor the result of the state-court decision contradicts them." <u>Early v. Packer</u>, 537 U .S. 3, 8 (2002).

5

> As noted above, determinations of fact issues shall be presumed correct, and the petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Knight v. Spencer, 447 F.3d 6, 11 -12 (1st Cir. 2006). The deferential § 2254 standard of review applies even when the state court does not say much. See Norton, 351 F.3d at 6. In this case the Superior Court's oral ruling on the revocation is brief and the Maine Law Court order denying Pedreira's certificate of probable cause states simply that it is evident that the appeal was not worthy of being fully heard.

### *Ground Four*

In his fourth 28 U.S.C. § 2254 ground, Pedreira asserts that his court-appointed attorney for the probation revocation hearing was ineffective because he did not cross-examine the probation officer when the officer had testified that Pedreira's case was a frustrating case and stated "how do we get money from this guy?"

> "A criminal defendant claiming a Sixth Amendment ineffective assistance of counsel violation must establish that (1) 'counsel's representation fell below an objective standard of reasonableness' and (2) 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Smiley v. Maloney, 422 F.3d 17, 20 (1st Cir.2005) (quoting Strickland, 466 U.S. at 684). Under the first prong of Strickland, there is a "strong presumption" that counsel's strategy and tactics fall "within the range of reasonable professional assistance," and courts should avoid second-guessing counsel's performance with the use of hindsight. Strickland, 466 U.S. at 689.
>> It is all too tempting for a defendant to second-guess counsel's assistance after conviction ⋯, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.
>
> Id. It is only where, given the facts known at the time, counsel's "choice was so patently unreasonable that no competent attorney would have made it," that the ineffective assistance prong is satisfied. Under the prejudice prong, not all errors by counsel are sufficient to meet the standard of a

>reasonable probability that, but for the counsel's errors, the result of the proceeding would have been different. Id. at 693-94.

Knight, 447 F.3d at 15.

It is not at all clear from Pedreira's pleading what he expected his attorney to accomplish by cross-examining the probation officer on his frustration with managing Pedreira's case and this statement that it appeared impossible to get money from Pedreira. In his memorandum in support of his certificate of probable cause Pedreira complained: "Counsel failed to correct through cross examination the probation officer's testimony that 'this is a frustrating case' regarding the high restitution or his statement 'how do we get money from this guy.'" (Mem. Supp. Certificate Probable cause at 7; State Record App. III.) So it appears that he thinks counsel could have elicited 'corrected' testimony from this witness. Having reviewed the transcript of the officer's testimony, (Sept. 30, 2003, Tr. at 22 -25), testimony which displays evident frustration with Pedreira's conduct over the course of the officer's supervision, I can see no tactical advantage to his attorney pressing the officer further on these statements; indeed doing so was likely to do more harm than good. Pedreira has not specified what sort of questions would have led to more favorable testimony and, quite clearly, he has not carried his burden vis-à-vis the performance prong of Strickland. The Maine Law Court's summary dismissal of the claim as having no merit is not reproachable when viewed through the 28 U.S.C. § 2254(d) prism.

### *Ground Five*

Pedreira's fifth and final claim is that it was a violation of his constitutional right to equal protection for the court to imprison him for two years for failure to pay restitution he could not afford, in effect jailing him because he was poor. The State cites

7

Bearden v. Georgia, 461 U.S. 660 (1983) in recognition of its holding that the Fourteenth Amendment equal protection clause forbids the revocation of probation "solely" because of an inability to pay restitution. It contends that the court primarily revoked the probation because Pedreira took two trips out of the country without obtaining permission from his probation officer and thereafter taking steps to conceal these trips.

In Bearden the Supreme Court explained:

> The rule of Williams [v. Illinois, 399 U.S. 235 (1970)] and Tate [v. Short, 401 U.S. 395 (1971)], then, is that the State cannot "impos[e] a fine as a sentence and then automatically conver[t] it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full." Tate, supra, at 398. In other words, if the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it. Both Williams and Tate carefully distinguished this substantive limitation on the imprisonment of indigents from the situation where a defendant was at fault in failing to pay the fine. As the Court made clear in Williams, "nothing in our decision today precludes imprisonment for willful refusal to pay a fine or court costs." 399 U.S., at 242, n. 19. Likewise in Tate, the Court "emphasize[d] that our holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so." 401 U.S., at 400.
> 
> This distinction, based on the reasons for non-payment, is of critical importance here. If the probationer has willfully refused to pay the fine or restitution when he has the means to pay, the State is perfectly justified in using imprisonment as a sanction to enforce collection. See ALI, Model Penal Code § 302.2(1) (Proposed Official Draft 1962). Similarly, a probationer's failure to make sufficient bona fide efforts to seek employment or borrow money in order to pay the fine or restitution may reflect an insufficient concern for paying the debt he owes to society for his crime. In such a situation, the State is likewise justified in revoking probation and using imprisonment as an appropriate penalty for the offense. But if the probationer has made all reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available. This lack of fault provides a "substantial reaso[n] which justifie [s] or mitigate[s] the violation and make[s] revocation inappropriate." Gagnon v. Scarpelli, supra, 411 U.S., at 790. Cf. Zablocki v. Redhail, 434 U.S. 374, 400 (1978) (POWELL, J., concurring)

> (distinguishing, under both due process and equal protection analyses, persons who shirk their moral and legal obligation to pay child support from those wholly unable to pay).

461 U.S. at 667-69 (footnotes omitted).

In ruling orally on the motion for revocation, the court heard evidence not only on Pedreira's ability to pay the outstanding restitution but also on his unauthorized trips to Peru and his deceptive concealment of these trips from his probation officer. (See, e.g., Sept. 30, 2003, Tr. at 18-19, 21, 23-25.) In summing up its position at the hearing the State stressed that leaving the county twice without permission was in its view "serious, very serious" and remarked, "Even if Mr. Pedreira did come back, he still presents a very serious risk. Who knows what is going on when he's down there." (Id. at 26.) Defense counsel commenced by stating:

> I'm not going to be any better at making a specific recommendation. I found this a difficult[,] troubling case to defend, because it's very hard for me to defend Robert's trip to Peru, an[d] when he did, when he came out he did try to cover it up. And it's clearly extremely bad judgment. And I've dreaded this moment to having to defend that.

(Id. at 27.)

His probation officer also testified about Pedreira's unfulfilled promises to send make-up payments, (id. at 22-23) and the State expressed skepticism over Pedreira's explanation as to how he had the financial wherewithal to fund his travel to Peru (id. at 26), both seemingly suggesting that he had funds available for the payments that were diverted elsewhere.

The Court ruled as follows:

This is a serious violation; especially the trip to Peru, two trips to Peru, knowing there was a violation of probation and he just goes anyway.

9

>           And, also, I'm not satisfied with his attempts at making restitution.
> If he could pick coffee in Peru, I don't see why he can't do day labor here,
> working at McDonald's, if necessary.
>           He says he has nerve damage. We have no proof of that. It looks
> like he just doesn't want to work. But the trip to Peru is the main thing.
> I'm going to sentence you Mr. Pedreira to two years, probation to
> continue.

(Id. at 30.)

With respect to this ground I note that any "determination of a factual issue made by a State court shall be presumed to be correct" and Pedreira has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Viewed through the deferential 28 U.S.C. § 2254(d) and (e)(1) lens, the Superior Court's conclusion and the Maine Law Court's summary rebuff of Pedreira's challenge thereto do not run afoul of Bearden. It is very clear that the Superior Court did not revoke Pedreira's probation solely on the grounds of his failure to pay restitution, but, rather, principally on the ground of his Peru trips and his concealment thereof. Furthermore, the Court reflected that it was concerned that his failure to pay was willful, a consideration that Bearden acknowledged was a legitimate factor to weigh.

*Conclusion*

For the reasons set forth above, I recommend that the Court **DENY** Robert Pedreira's 28 U.S.C. § 2254 petition (Docket No. 1).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive

memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 29, 2006

11